UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JEFFERY HAMM,

                      Plaintiff,                  **MEMORANDUM AND ORDER**
                                                                               19-CV-7245 (RRM) (LB)
    -against-

N.Y.C.H.H.C; D.O.H.M.H.; O.B.H.,

                      Defendants.
-------------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, Chief United States District Judge:

       On November 26, 2019, *pro se* plaintiff Jeffery Hamm commenced this action against the New York City Health and Hospitals Corporation ("HHC"), the New York City Department of Health and Mental Hygiene ("DOHMH"), and the New York City Office of Behavioral Health ("OBH") (collectively, "Defendants"), by placing a complaint in the mailbox at Rikers Island, where he was then incarcerated. The complaint contained a short "Statement of Claim" which alleged that Defendants wrongfully terminated him less than two months after he was hired to work at OBH. (Compl. (Doc. No. 1) at ¶ IV.) The pleading did not articulate any causes of action. However, because Hamm utilized a form complaint of the sort used to file civil rights actions pursuant to 28 U.S.C. § 1983, the Court assumed that Hamm was alleging a procedural due process claim.

       In a Memorandum and Order dated April 20, 2020 (Doc. No. 8) (the "First M&O"), the Court dismissed the complaint for failure to state a claim. Since Hamm's allegations suggested that he was still a probationary employee when he was terminated, the Court explained that probationary employees do not have property interests in their jobs of the sort necessary to support a due process claim. (*See* First M&O at 4–5.) Because the allegations in the complaint

were so "sparse," the Court, in an abundance of caution, granted Hamm thirty days' leave to file an amended complaint. (*Id.* at 6.)

Hamm did not timely file an amended complaint. However, on June 22, 2020, Hamm filed a letter notifying the Court that he had been released from Rikers Island and was living at a Bronx address. (Doc. No. 10.) In an order dated July 9, 2020 (the "Second Order"), Judge Komitee – to whom the case was temporarily reassigned – *sua sponte* directed the Clerk of Court to mail a copy of the First M&O to the Bronx address and granted Hamm another 30 days in which to file his amended complaint. Neither the First M&O nor the Second Order explained that the amended pleading needed to be captioned an "Amended Complaint" and needed to reference docket number 19-CV-7245.

On July 20, 2020, Hamm filed another form complaint of the sort used to file civil rights complaints pursuant to 28 U.S.C. § 1983. This pleading named the exact same defendants as did No. 19-CV-7245 and requested the same relief as did the complaint in No. 19-CV-7245: $1.5 million – the approximate amount Hamm would have earned over the next 20 years. The complaint was not accompanied by an application to proceed *in forma pauperis* or a filing fee, but it did not mention a docket number or otherwise indicate that it was an amended complaint. Accordingly, the pleading was docketed as a new case: No. 20-CV-3357.

In preparing that complaint, Hamm did not complete the portion of the form complaint which prompted him to provide a "Statement of Claim." But Hamm attached to his pleading an undated Charge of Discrimination which alleged that Hamm was a 58-year-old, African-American Muslim, who had been terminated by the Assistant Director of OBH on February 14, 2018, less two months after starting work at Metropolitan Hospital, a facility operated by the

NYCHHC. Although the termination was ostensibly based on a poor performance evaluation, Hamm alleged that this was a pretext for discrimination on account of his race, religion, and age. In addition, Hamm alleged that Defendants retaliated against him for complaints of discrimination in violation of Title VII of the Civil Rights Act of 1964.

In light of Hamm's *pro se* status, the Court construes the complaint in No. 20-CV-3357 to be the amended complaint that Hamm was granted leave to file by Judge Komitee. The Clerk of Court is respectfully directed to file that pleading on the docket sheet in No. 19-CV-7245 as an amended complaint.

Although the amended complaint fails to state a claim, the Charge of Discrimination provides some "indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Accordingly, the Court grants Hamm leave to file a second amended complaint within 30 days of the date of this Memorandum and Order. If Hamm is attempting to bring an employment discrimination claim, he may incorporate the facts set forth in the Charge of Discrimination into his second amended complaint and should not use the form complaint designed for § 1983 civil rights actions. If Hamm has questions regarding what form to use, he may contact the Pro Se Office by visiting the Clerk's Office in the Brooklyn Courthouse or by calling (718) 613-2665.

## CONCLUSION

For the reasons set forth above, the Clerk of Court is respectfully directed to re-file the complaint in Case No. 20-CV-3357 as an amended complaint in Case No. 19-CV-7245. That amended complaint is dismissed for failure to state a claim, but Hamm is granted 30 days' leave to file a second amended complaint. That pleading shall be entitled "Second Amended

Complaint" and shall bear docket number 19-CV-7245 (RRM) (LB). No summonses shall issue in that case and all further proceedings shall be stayed for 30 days. If Hamm fails to file his second amended complaint within 30 days of the date of this Memorandum and Order or to seek an extension of time to do so, the Court will dismiss this case and enter judgment in favor of Defendants. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      January 12, 2021

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge